THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RAY DELL'ORFANO, : | |
| : | |
|     Plaintiff, : | |
| : | Civil Action |
| v. : | No. 5:05-cv-245 (CAR) |
| : | |
| IKON OFFICE SOLUTIONS, INC., : | |
| : | |
|     Defendant. : | |

### ORDER ON DEFENDANT'S MOTION TO DISMISS
### AND MOTION FOR SUMMARY JUDGMENT

Before the Court are Defendant's Motion to Dismiss (Doc. 30) and Motion for Summary Judgment (Doc. 26). In its Motion to Dismiss, Defendant IKON Office Solutions, Inc. ("IKON") contends that Plaintiff's claims are moot because Plaintiff has rejected an offer of judgment in the amount of $5,000. In its Motion for Summary Judgment, IKON contends that Plaintiff's claims are barred by the "motor carrier exemption" to the Fair Labor Standards Act, 29 U.S.C. § 213(b)(1) ("FLSA"). Upon review of the arguments of counsel, the Court finds that neither motion is supported by the record in the case or the relevant legal authorities. Accordingly, both motions are hereby **DENIED**.

### BACKGROUND

Plaintiff Ray Dell'Orfano brings this collective action against Defendant IKON Office Solutions alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. Specifically, Plaintiff alleges that IKON failed to calculate his overtime pay properly in accordance with the FLSA. IKON filed the present motion for summary judgment arguing that Plaintiff's claims fail

1

as a matter of law because Plaintiff was exempt from the FLSA's overtime provisions pursuant to the motor carrier exemption.

Plaintiff was employed by IKON as a Customer Service Representative from April 2003 until January 2006. Plaintiff's primary duty involved picking up documents from IKON customers and transporting them to IKON's document duplication facility, then delivering the duplicated documents back to the customers. Plaintiff used his personal vehicle to transport the documents during the first two years of his employment, then later drove a Ford van supplied by IKON.

For the most part, Plaintiff's travel was confined to south Florida; he traveled between West Palm Beach, Boca Raton, Fort Lauderdale, and Miami. There is no evidence that Plaintiff ever traveled outside of the State of Florida to make a pick-up or delivery. Occasionally, Plaintiff prepared boxes of documents for pick-up by UPS and FedEx. However, only rarely did Plaintiff drive to UPS or FedEx facilities to deliver the documents; instead, UPS and FedEx ordinarily picked up the boxes from IKON's duplication facilities.

## DISCUSSION

### I.     Motion to Dismiss

In its Motion to Dismiss, IKON alleges that Plaintiff's claims are moot because it has made an offer of judgment for more than the maximum amount of alleged damages. On January 17, 2006, IKON made an offer of judgment in the amount of $5,000. Plaintiff did not accept the offer. The amount of damages in this case remains in dispute, and Plaintiff contends that his damages exceed $10,000 without taking into account the statutory provisions for liquidated penalties. At this stage in the litigation, there are issues of fact and the Court is unable to make an appropriate determination

as to the amount of damages or the sufficiency of IKON's offer of judgment. The Motion to Dismiss must therefore be denied.

**II.     Motion for Summary Judgment**

Defendant moves for summary judgment on the grounds that Plaintiff is exempt from the FLSA overtime provisions pursuant to the motor carrier exemption. The motor carrier exemption is set forth in section 213(b)(1) of the FLSA. That section provides that the overtime pay requirements of the FLSA do not apply to "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of Title 49." To qualify for the the motor carrier exemption, the employer must prove (1) that it is a motor carrier, (2) that its employee's activities affect highway safety, and (3) that its employee's activities involve the interstate transportation of goods. Hutson v. Rent-A-Center, Inc., 209 F.Supp.2d 1353, 1356 (M.D.Ga. 2001). IKON has the burden of showing that it is entitled to the exemption by a preponderance of the evidence. Rossi v. Associated Limousine Servs., Inc., ___ F.Supp.2d. ____, 2006 WL 1880083 (S.D.Fla. 2006).

As to the first element of the exemption, there is insufficient evidence to establish as a matter of law that IKON satisfies the definition of a motor carrier. The FLSA provision that sets forth the motor carrier exemption—29 U.S.C. § 213(b)(1)— refers to the Secretary of Transportation's power pursuant to 49 U.S.C. § 31502. Section 31502 gives the Secretary of Transportation power to establish:

> (1) qualifications and maximum hours of service of employees of ... a motor carrier; and
> (2) qualifications and maximum hours of service of employees of ... a motor private carrier, when needed to promote safety of operation.

49 U.S.C. § 31502; see also Baez v. Wells Fargo Armored Serv. Corp., 938 F.2d 180, 181-82 (11th Cir. 1991).  Thus, pursuant to section 31502, "the Secretary of Transportation has the power to regulate employees of motor carriers whose duties affect safety on the highways when interstate shipment of passengers or property is involved.  Hutson, 209 F. Supp. 2d at 1356.

First of all, it is clear that the motor carrier exemption has no application to any claims in this case after August 10, 2005.  Effective August, 2005, the definition of "motor private carrier" was amended to cover only a person transporting property by "commercial motor vehicle."  49 U.S.C. § 13102(15).  A "commercial motor vehicle" is defined as a vehicle with a weight of at least 10,001 pounds.  49 U.S.C. § 31132(1).  It is undisputed in this case that Plaintiff drove a vehicle that weighed substantially less than 10,000 pounds.  The record shows that Plaintiff was employed by IKON between April 2003 and January 2006.  Therefore, the remaining issue is whether the motor carrier exemption bars Plaintiff's overtime claims between April 2003 and August 2005.

Prior to the 2005 amendment, the Motor Carrier Act defined a "motor private carrier" as a person "transporting property by motor vehicle when – (A) the transportation is as provided in section 13501 of this title; (B) the person is the owner, lessee, or bailee of the property being transported; and (C) the property is being transported for sale, lease, rent, or bailment or to further a commercial enterprise."  49 U.S.C. § 13102(13).  Section 13501 of Title 49 provides that the Secretary has jurisdiction

> over transportation by motor carrier and the procurement of that transportation, to the extent that passengers, property, or both, are transported by motor carrier--
>     (1) between a place in--
>         (A) a State and a place in another State;
>         (B) a State and another place in the same State through another State;

>>(C) the United States and a place in a territory or possession of the United States to the extent the transportation is in the United States;
>>(D) the United States and another place in the United States through a foreign country to the extent the transportation is in the United States; or
>>(E) the United States and a place in a foreign country to the extent the transportation is in the United States; and
>
>(2) in a reservation under the exclusive jurisdiction of the United States or on a public highway.

49 U.S.C. § 13501. In other words, consistent with Constitutional principles of limited federal power, the Secretary only has jurisdiction where the motor carrier transports property in interstate commerce.

The evidence in this case establishes the first two elements of the definition of a motor private carrier, but fails to establish the third. It is undisputed that IKON was the bailee of the documents that Plaintiff delivered and that the documents were being delivered to further a commercial enterprise. There is no evidence, however, that Plaintiff's transportation of property was within the categories listed in Section 13501. The undisputed evidence in this case shows that Plaintiff's duties as a customer service representative for IKON required him to drive on the interstate highways of south Florida to pick up and deliver copying jobs for IKON customers. There is no evidence that Plaintiff ever traveled outside the State of Florida as part of his duties.

In the absence of evidence of actual interstate transportation by Plaintiff, IKON relies on Plaintiff's testimony that he frequently prepared packages for shipping by UPS or Federal Express. There is no evidence to indicate that these packages were shipped out of state. IKON contends that they were of necessity shipped out of state because UPS and Federal Express send their packages to common transit locations outside the State of Florida. There is no evidence to support this claim,

and the Court will not take judicial notice as to the practices and procedures of UPS and Federal Express.  IKON also speculates that because many of the customers with whom Plaintiff interacted were large law firms with offices in other states, some of those customers must have mailed some of those packages to their other offices after receiving deliveries from Plaintiff.  Again, this speculation is unsupported by evidence.

Because IKON has failed to show that there is no genuine issue of material fact as to its claim of exemption as a motor private carrier, its Motion for Summary Judgment is denied.

SO ORDERED, this the 29th day of August, 2006.

>S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT